Brian Sukati Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Betty F. Perry,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 12, 1979:

The appellant's wife is in this country lawfully on order of the Pennsylvania Department of Public Welfare (DPW) denying him medical assistance benefits for his wife on the basis that she was not a permanent resident of the United States.

The appellant, Brian Sukati, appeals here from an a temporary student visa as the wife of a student, and he argues that she is a "permanent resident" within the meaning of Section 149.83 of the Pennsylvania Assistance Eligibility Manual (PAEM) which provides as follows:

A person who is not a citizen of the United States is not eligible for MA [medical assistance] unless he is an alien lawfully admitted for permanent residence or otherwise perma-

nently residing in the United States under provisions of law.

Under the Immigration and Nationality Act, however, one who is here on a student visa or who is the spouse of such an individual is a "nonimmigrant alien" which is:

> (i) *an alien having a residence in a foreign country which he has no intention of abandoning,* who is a bona fide student qualified to pursue a full course of study and who *seeks to enter the United States temporarily* and solely for the purpose of pursuing such a course of study at an established institution of learning or other recognized place of study in the United States . . . and (ii) the alien spouse and minor children of any such alien if accompanying him or following to join him.

8 U.S.C. §1101(a)(15)(F).

Moreover, the Immigration and Nationality Act provides further that:

> The term 'permanent' means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law.

8 U.S.C. §1101(a)(31).

Clearly, a person who resides here under a temporary student visa is not a "permanent" resident, nor can his or her spouse have that status. The fact that the appellant and his wife intend to remain in this country indefinitely does not alter the fact that their present status by which they lawfully reside here, is that of a temporary nature.[1]

---

[1] We would additionally note that the United States Supreme Court has recently stated that Congress may make an alien's eligi-

The order of the DPW is therefore affirmed.

ORDER

AND Now, this 12th day of June, 1979, the order of the Pennsylvania Department of Public Welfare in the above-captioned matter is hereby affirmed.

---

bility for social welfare program benefits depend on both the character and the duration of his residence. *Matthews v. Diaz*, 426 U.S. 67, 83-84 (1975).